UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **POLYONE CORPORATION** )<br> )<br>  Plaintiff, )<br> )<br>vs. )<br> )<br>**YUN MARTIN LU, et al.** )<br> )<br>  Defendants. )<br> )<br> ) | CASE NO. 14-CV-10369<br><br>Judge Manish S. Shah<br><br>Magistrate Judge Geraldine Soat Brown |

### POLYONE CORPORATION'S OPPOSITION TO DEFENDANT NANTONG POLYMAX'S MOTION TO DISMISS FOR LACK OF SERVICE

Defendant Nantong Polymax Elastomer Technology Co. Ltd.'s ("Nantong Polymax") Rule 12(b)(5) motion to dismiss for lack of service (Dkt. 24) must be denied. Nantong Polymax was served according to Federal Rule of Civil Procedure 4(h)(1)(B) by serving a copy of the summons and complaint upon its managing or general agent, Martin Lu. Nantong Polymax asserts that service upon Lu is invalid, in that Lu is not a managing or general agent.

In support of this position, Lu's affidavit states that he is not "the president, treasurer, secretary or vice president of Nantong Polymax." (Lu Aff. (Dkt. 28-4) at ¶30.) Contrary to this statement, Lu is identified on Polymax's website as the Technology VP of Nantong Polymax.[1] He is also a founder of Polymax and Nantong Polymax; a shareholder in Nantong Polymax; and the President of its US operations, Polymax Thermoplastic Elastomers, LLC. Under the circumstances and case law, PolyOne's service of Nantong Polymax, through its agent, Lu, is sufficient.

---

[1] Available at http://polymaxtpe.com/our-company/our-team/, last accessed May 28, 2015. A true and accurate copy of the webpage, made May 13, 2015, is attached hereto as Exhibit A.

Rule 4(h) does not require rigid formalism. The long-held rule is that a person may qualify as a managing or acting agent if "the individual is in a position of sufficient responsibility so that it is reasonable to assume that the person will transmit notice of the commencement of the action to organizational superiors." 4A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE §1103, at 573 (3d ed. 2002); *see also Montclair Elec., Inc. v. Electra/Midland Corp.*, 326 F. Supp. 839, 842 (S.D.N.Y. 1971) (holding that service is not limited to formally titled officials, but is effective if made upon a person "so integrated with the organization that he will know what to do with the papers"). In this case, it is reasonable to assume that Lu will transmit notice of the action to Nantong Polymax. Given that Nantong Polymax has appeared in this action, it is clear that Lu, in fact, knew what to do with the summons and complaint. *See Abshier v. Sunset Records, Inc.*, No. 14 Civ. 3227, 2014 U.S. Dist. LEXIS 119742, at *19 (S.D.N.Y. Aug. 5, 2014) (noting that where a defendant has received actual notice of a lawsuit, technical imperfections with service will rarely invalidate service).

Lu's affidavit states that he is Chairman of the Board of Nantong Polymax (Lu Aff. at ¶30), and Polymax's website states that he is the Vice President of Technology for Nantong Polymax. In the company's own words, Polymax is a "sister company" to Nantong Polymax,[2] Polymax lists Nantong Polymax's China address in its contact information in its website, and the "English" button on Nantong Polymax's website forwards the user to the website for the U.S.-based Polymax Thermoplastic Elastomers, LLC.[3] Lu is wholly intertwined with Polymax, and there is no doubt that he would transmit notice of the lawsuit to Nantong Polymax. *See Heise v. Olympus Optical Co.*, 111 F.R.D. 1, 6 (N.D. Ind. 1986) (holding that service on the president of a subsidiary of a Japanese corporation is sufficient to serve the parent corporation). Indeed, even

---

[2] Available at http://polymaxtpe.com/our-company/, last accessed May 28, 2015.
[3] Available at http://www.polymax.com.cn/, last accessed May 28, 2015.

service on lower-level employees, such as a sales assistant, has been sufficient to be considered a "managing or general agent" under Rule 4. *Zisman v. Sieger*, 106 F.R.D. 194, 200 (E.D. Ill. 1985).

Nantong Polymax was served, through Lu, its managing agent, in litigation in the Northern District of Ohio, and Nantong Polymax did not object to service of process in that case. It is only now that Lu asserts he is not capable of receiving service of process. The appropriate test is whether Lu would transmit notice of the action to Nantong Polymax. He holds such a position that it is reasonable to believe that he would do so, and he in fact did so. Service was proper on Nantong Polymax.

Respectfully submitted,

*/s/ Todd A. Holleman*
Todd A. Holleman (Ill. Bar No. 6307584)
*holleman@millercanfield.com*
**MILLER, CANFIELD, PADDOCK AND STONE, PLC**
225 West Washington, Suite 2500
Chicago, IL 60606
Telephone: (313) 496-7668
Fax: (313) 496-8454

*Attorneys for Plaintiff PolyOne Corporation*

Dated: May 28, 2015

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2015, I electronically filed the foregoing Opposition to Defendant Nantong Polymax's Motion to Dismiss for Lack of Service with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

*/s/ Todd Alan Holleman*
*An Attorney for Plaintiff PolyOne Corporation*

24506766.1\153830-00001