UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| POLYONE CORPORATION, | ) | |
|---|---|---|
| Plaintiff, | ) | No. 14 C 10369 |
| | ) | |
| v. | ) | Judge Manish S. Shah |
| | ) | |
| YUN MARTIN LU, et al., | ) | Magistrate Judge Geraldine Soat Brown |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Geraldine Soat Brown, Magistrate Judge

In this lawsuit, plaintiff PolyOne Corporation ("PolyOne") alleges, among other things, that defendants Polymax, LLC, *et al.*, ("Defendants") misappropriated its trade secrets. (Amend. Compl.) [Dkt 22.] PolyOne alleges that the formulations for its products are trade secrets. (*Id*. ¶ 67.) PolyOne's original Complaint in this case, filed in December 2014, alleged, "Defendants reverse engineered PolyOne's pellets in order to develop a formulation that Polymax ultimately sold to Customer X [Nomacorc] in competition with PolyOne." (Compl. ¶ 65.) [Dkt 1.] In its Amended Complaint, filed in April 2015, PolyOne revised that allegation slightly to state, "Defendants used PolyOne's pellets in order to develop a formulation that Polymax ultimately sold to Customer X in competition with PolyOne." (Amend. Comp. ¶ 71.)

Defendants' Renewed Motion to Compel Discovery Relating to Plaintiff's Testing of Defendant's Product (Defs.' Mot. [dkt 161]) seeks the results of tests performed on behalf of Polyone on pellets that defendant Polymax produces for Nomacorc, as well as documents,

1

communications, and answers to interrogatories relating to those tests. PolyOne objects on the basis of Fed. R. Civ. P. 26(b)(4)(D), which provides:

> Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial.

Defendants contend that production of the results and related materials is appropriate under Fed. R. Civ. P. 26(b)(4)(D)(ii), which permits such discovery when there are "exceptional circumstances." Defendants' Counterclaim alleges, in essence, that PolyOne knew before this lawsuit was filed that Polymax's pellets did not have the same formula as PolyOne's pellets and that PolyOne's claim of theft of trade secrets was baseless. (Defs.' Counterclaim. ¶¶ 57-59, 93.) [Dkt 48.] Polymax claims that the lawsuit is an effort to injure Polymax competitively. (*Id.* ¶ 82.)[1]

Defendants' Counterclaim alleges on information and belief that PolyOne performed chemical assays or other testing to determine the composition of Polymax's pellets, and that PolyOne performed rheological, hardness, FTIR and/or viscosity testing on the pellets. (*Id.* ¶¶ 57-58.) Notably, PolyOne answered, "Denied." (Pl.'s Answer to Counterclaim ¶¶ 57-58.) [Dkt 59.] Defendants also alleged, "PolyOne is aware, based upon its own testing results, that Nantong Polymax and/or the Polymax TPE's pellets are not a copy of any trade secret formula owned by PolyOne." (Defs.' Counterclaim ¶ 59.) Polymax again answered, "Denied." (Pl.'s Answer to Counterclaim ¶ 59.)

PolyOne now acknowledges that testing of Polymax's pellets was, in fact, performed by a consultant acting on its behalf in May and October 2014, before this lawsuit was filed in December

---

[1] Defendants also argue that the test results as such are not protected by Rule 26(b)(4)(D), but it is not necessary to reach that issue.

2014. (Defs.' Mot. at 1-2.) PolyOne argues, however, that its trade secret theory does not depend on whether Polymax's pellets use PolyOne's formula and that it never alleged that its formulation and Polymax's formulation were "an exact match." (Pl.'s Opp'n at 1.) [Dkt 167.] There is some tension between that argument and PolyOne's continuing allegation that Defendants "used" PolyOne's pellets to develop their formulation. Regardless of the precise parameters of PolyOne's claim, the fact that the tests were performed and PolyOne's knowledge of the results are allegations in Defendants' Counterclaim, and PolyOne disputes those allegations.

This is an extraordinary situation in which the consultant's tests and related communications are disputed facts at issue in the lawsuit. The test results and communications are relevant not simply for the results per se, but also as evidence about the motives and knowledge of PolyOne in bringing the lawsuit, which form the basis of the Counterclaim. The nature of any differences between PolyOne's formulation and the formula in Polymax's pellets – how different they actually are – and, equally important, PolyOne's awareness of those differences, may support or undermine Polymax's Counterclaim. These are "exceptional circumstances."

PolyOne did not move to dismiss the Counterclaim, which is an operative pleading in this lawsuit. The claims asserted in that Counterclaim are proper subjects of discovery. Fed. R. Civ. P. 26(b)(1). PolyOne's decision to advance a different theory of trade secret misappropriation cannot preclude Defendants from discovery about the disputed factual allegations of their Counterclaim.

## CONCLUSION

Accordingly, Defendants' Motion [161] is granted. Plaintiff PolyOne Corp. shall answer Defendants' Interrogatories 4 and 5 and produce documents responsive to Defendants' Request 14

by June 3, 2016.

IT IS SO ORDERED.

_____
Geraldine Soat Brown
United States Magistrate Judge

May 25, 2016