UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| POLYONE CORPORATION, | ) |
| *Plaintiff*, | ) |
| vs. | ) Case No. 1:14-CV-10369 |
| YUN MARTIN LU et al, | ) Judge Manish S. Shah |
| *Defendants.* | ) Magistrate Judge M. David Weisman |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Compel Discovery Relating to Joe Kutka's China Travels and Refined Search Criteria. (Def Mot. Compel, ECF No. 259.) The underlying action involves Defendants' alleged conspiracy to misappropriate trade secrets and illegally compete with Plaintiff in the manufacture and sale of its products. For the reasons set forth below, Defendants' motion is denied.

Defendants move to compel two categories of information: 1) documents relating to Joe Kutka's China travels and 2) refined search criteria. (Def.'s Mot. Compel, ECF No. 260 at 1.) Plaintiff does not contest the motion as to the first category. Kutka is a former employee at PolyOne and a purported conspirator with Defendants. (*Id*.) Allegedly, Kutka took a detour from a PolyOne business trip and met with Defendant, Dr. Lu, where he divulged trade secrets to assist Dr. Lu in the development and formulation of the Polymax product. (*Id*. at 1-2.)

Defendants seek documents relating to this trip. At the June 6, 2017 motion hearing, Plaintiff stated on the record that Plaintiff tendered all documents it was able to locate concerning Joe Kutka's travels in China to Defendant. Plaintiff is currently trying to locate a Training Agenda/Schedule related to the work trip and will tender it to Defendants if and when Plaintiff is able to locate one. The motion as to the first category of information is thus moot.

As to the second category of information, Defendants seek to compel certain search terms and custodians related to internal PolyOne discussions about Polymax. Defendants state this information will support their counterclaims, namely that this lawsuit was brought for an improper purpose and that PolyOne is using this litigation as pretext to disparage Defendants in the market place. Plaintiff argues Defendants' request is unduly burdensome and estimates the processing costs alone to produce the requested information will be in excess of $120,000. (Pl.'s Resp., ECF No. 267 at 12.) To date, the sole document before the Court that purportedly supports Defendants' allegations as to disparagement is a LinkedIn message from a former PolyOne employee to Defendant Tom Castile regarding a message he received from a PolyOne sales account manager. The message states "FYI PolyOne has won a lawsuit against our dear friend Joe Kutka for $2 million in the last couple of months for theft of trade secrets!" (*Id*. at 6-7.) Considering the attenuated connection between Defendants' claims and the aforementioned LinkedIn message, the extensive discovery that had already been completed, the burden on Plaintiff to produce the requested terms and custodians, and the fact that discovery closed May 17, 2017 (*See* ECF No. 255), the motion is denied as to the second category of information. *See* Fed. R. Civ. Pro. 26 (b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering . . . whether the burden or expense of the proposed discovery outweighs its likely

benefit."); *see also Miller UK Ltd. v. Caterpillar, Inc.*, 17 F. Supp. 3d 711, 721 (N.D. Ill. 2014) ("The Supreme Court has cautioned that the requirement of Rule 26(b)(1) that the material sought in discovery be 'relevant' should be firmly applied, and the district courts should not neglect their power to restrict discovery where necessary.") (quoting *Herbert v. Lando*, 441 U.S. 153, 177 (1979).

## **CONCLUSION**

In light of the foregoing, the Court denies Defendants' Motion to Compel Discovery Relating to Joe Kutka's China Travels and Refined Search Criteria (Def.'s Mot. Compel, ECF No. 259.)

SO ORDERED.                                                          ENTERED:  June 20, 2017

_M. David Weisman_

M. David Weisman
United States Magistrate Judge